July, 1826.

## Taylor *against* Rhea.—Writ of Error to *St. Clair* Circuit Court.

**THE** Chief Justice delivered the opinion of the Court.

1, Plea and demurrer to same count, demurrer to be treated as a nullity.
2, Obligation to pay $100 nine months after date, on condition that obligee perform certain services, the performance is a condition precedent.

This was an action of covenant by *Rhea*, as assignee of *McMeans*, founded on an instrument of writing, as follows : " Nine months after date I promise to pay *Isaac S. McMeans*, " heirs, or assigns, one hundred dollars, on the condition that " the said *McMeans*, as a lawyer, defend three several indictments that are now pending in the Circuit Court of *St.* " *Clair* County for valued received. Witness my hand and " seal this 22d day of *March*, 1821. *James Taylor*. "

The plaintiff averred in his declaration, that the said *McMeans* had performed the condition of his covenant, and did defend the defendant in three several indictments. The defendant plead that *McMeans* had not performed the condition of his covenant, *and then demurred.*

The issue of fact was tried, and no notice taken of the demurrer. On the trial, the defendant's counsel prayed the Court to instruct the Jury, that to enable the plaintiff to recover, he must prove that *McMeans* had performed the condition contained in the covenant. The Judge refused to give the instruction prayed, and the Jury returned a verdict for the plaintiff.

It is now assigned as Error,

1st, That the Court erred in proceeding to render judgment on the verdict, without disposing of the demurrer ; and

2d, In refusing to give the instruction prayed.

The declaration contained but one count, and it was not competent for the defendant to plead and demur to the same count. There was no Error then in treating the demurrer as a nullity : the Court was not bound to notice it.

The 2d assignment presented more difficulty. It is not easy to determine from the authority of any adjudged case that we have been able to find, whether this is a dependent or independent covenant ; the condition was for the performance of professional services ; the time when they were to be performed uncertain, and not within the control of

either of the parties; but the date was fixed for the payment of the money. Some of these are certainly striking -features of an independent covenant: and we would be disposed so to adjudge it, were it not for other terms used in the instrument, that induce a belief that it was not so considered by the parties. The word *condition*, used in the covenant, is of such technical import, that we are not authorised to attach to it a different meaning, unless it was very clear that the parties intended to use it in a different sense. The promise to pay was "*on the condition*" that *McMeans* should defend the defendant in these several indictments then pending. If the condition was not performed within the nine months, the defendant was not bound to pay until it had been performed, and the Court should have so charged the Jury.

The judgment must be reversed, and the cause be remanded.

Judge *Gale* not sitting.

*Clay*, for plaintiff, cited 1 Saund. 320, n. 4.

*Campbell*, for defendant in Error.